UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLEN CARR                                                                                   PLAINTIFF

V.                                       CIVIL ACTION NO. 3:24-CV-295-KHJ-MTP

FEDERAL EXPRESS CORPORATION                                           DEFENDANT

ORDER

Before the Court is pro se Plaintiff Allen Carr's [14] Motion to Amend/Correct his [1] Complaint. For the following reasons, the Court grants the [14] Motion, denies as moot Defendant Federal Express Corporation's ("FedEx") [7] Motion to Dismiss, and orders Carr to file his amended complaint by January 21, 2025.

FedEx hired Carr in 2013, and he remained there until FedEx terminated his employment in September 2023. [1] at 2–3. In 2023, Carr was assigned a truck with a broken air conditioner when the heat index was over 117 degrees, so he operated the truck with the doors open—against FedEx's policy. *Id.* When Carr's senior manager saw the truck's doors open, he told Carr to close the doors immediately, dismissing Carr's concerns about working in high heat without a working air conditioner. Carr complied and closed the doors. *Id.* Carr claims it was standard at FedEx to remove a defective vehicle from service, yet his was not. [1] at 2.

He then reached out to his immediate manager, who allowed him to drive a rental with a working air conditioner for the rest of the day. *Id.* at 2–3. He also called the Occupational Safety and Health Administration ("OSHA") with his

concerns, reporting "unsafe work condition[s]." [1] at 2–3. But when he returned to work the next day, Carr had to use his original truck with the broken air conditioner. *Id.* at 3. He asked his supervisor about repairing his truck, and he claims his supervisor said to either drive it or resign. *Id.* Carr then took the truck to the mechanic, who said that he could not fix it, but Carr could use several other available trucks. *Id.* Despite this, Carr claims he was "denied an alternate vehicle and was forced to operate that truck" until he became ill and sought medical treatment. *Id.*

In August 2023, Carr received medical treatment for "heat related injuries." *Id.* at 2. His doctor's excuse permitted him to return to work ten days later, "pending a post treatment visit to the clinic to determine if [he] continued to suffer from the effects of the heat related illness." *Id.* At that visit, it "was determined that [Carr's] blood pressure remained high, [he was] still severely dehydrated, and [he was] unable to sleep." *Id.* "It was recommended [he] should remain off work under the Federal Medical Leave Act (FMLA)." *Id.*[1]

After Carr reported FedEx to OSHA, he was denied worker's compensation coverage and fired. *Id.* at 3. So he filed a claim with the Equal Employment Opportunity Commission. *Id.* Following its investigation, he was issued his right-to-sue letter on February 22, 2024. *Id.* On May 22, 2024, Carr filed his pro se [1] Complaint against FedEx. He alleges he was "retaliated against" because he filed a

---

[1] According to Carr, he was informed his "FMLA [leave] was approved until October 5, 2023, pending documentation from the doctor." [1] at 1. But FedEx terminated his employment in September 2023. [14] at 2.

claim with OSHA after he was "forc[ed] . . . to work in unsafe heat conditions." *Id.* at 2. And on October 30, 2024, Carr filed this [14] Motion to Amend/Correct the [1] Complaint.

Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (cleaned up).

In its [19] Response, FedEx agrees that the [1] Complaint as is, and as amended in the [14] Motion,[2] requires additional amendments to promote clarity and compliance with the Federal Rules of Civil Procedure. [19] at 2–3. Although it is not necessary to "set out a legal theory for the plaintiff's claim for relief," *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam) (cleaned up), pro se complaints are still required to comply with Federal Rule of Civil Procedure 8(a)(2). *See Carmouche v. Hooper*, 77 F.4th 362, 367–68 (5th Cir. 2023).[3] Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). It requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[2] This Court liberally construes Carr's [14] Motion to Amend as a proposed amended complaint. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

[3] Carr's pro se status does not excuse him from following the requirements of the Federal Rules of Civil Procedure. *See id.* at 2–3 (noting the requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b)); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (emphasizing a litigant's pro se status does not excuse him for lack of knowledge of the Federal Rules of Civil Procedure).

3

Civ. P. 8(a)(2). A complaint "must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Anderson v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (cleaned up). And further, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Id.* at 528.

FedEx submits that Carr "mixes factual and legal contentions," so that it is "unclear" which claims Carr is pursuing under which laws. [19] at 2. For example, FedEx notes that the [1] Complaint and the [14] Motion include "references [to] Section 1981 (race discrimination)[,] . . . Title VII, age discrimination, disability, the FMLA, and OSHA." [19] at 2. The Court agrees that the parties will benefit from clarifying the claims at issue and the grounds upon which they rest.

This Court has considered all arguments. Those not addressed would not have changed the outcome of its decision. For the reasons stated, this Court GRANTS Carr's [14] Motion to Amend and DENIES AS MOOT FedEx's [7] Motion to Dismiss for Lack of Jurisdiction. Carr shall file his amended complaint, specifying the legal claims he is seeking to assert, no later than January 21, 2025.

SO ORDERED, this 6th day of January, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE