IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALLEN CARR**                                                                             **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:24-cv-295-KHJ-MTP**

**FEDERAL EXPRESS CORPORATION**                         **DEFENDANT**

### **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Reasonable Accommodation [26]. Having considered the Motion [26], the record, and the applicable law, the Court finds that the Motion [26] should be denied.

On May 22, 2024, Plaintiff, proceeding *pro se*, filed this action against Federal Express Corporation. *See* Complaint [1]. Thereafter, Plaintiff moved for and was granted leave to file an amended complaint. In his Amended Complaint [23], filed on February 5, 2025, Plaintiff asserts racial-discrimination, disparate-treatment, and retaliation claims under Title VII of the Civil Rights Act of 1964.

On March 11, 2025, Plaintiff filed the instant Motion [26] asserting that he suffers from post-traumatic stress disorder, anxiety, and other health impairments which affect his cognitive function. He further asserts that his disability impacts his ability to understand legal documents and court procedures and impacts his ability to properly file necessary documents.

Plaintiff requests that the Court grant him reasonable accommodations under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Plaintiff requests the following accommodation:

> Assistance in understanding legal documents, including the provisions of plain language explanations or guidance on the content and meaning of court filings and orders

1

> Assistance with the preparation and filing of necessary paperwork in this case, including forms and filings, to ensure proper submissions and compliance with court rules.

[26] at 2.

However, neither the ADA nor the Rehabilitation Act apply to federal courts. "[T]he entire federal government is excluded from the coverage of the ADA." *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003); *see also United States v. Snarr*, 704 F.3d 368, 384 (5th Cir. 2013). Additionally, the Rehabilitation Act—while applicable to certain federal entities—does not apply to federal courts. *See In re Chapman*, 777 F. Sup. 2d 196, 197 (D. Me. 2011); *see also Mapes v. Hatcher Real Est.*, 2021 WL 5404626, at *5 (S.D. Ind. Feb. 4, 2021); *Torrence v. U.S. Bankruptcy Court*, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017). The Court is, therefore, not obligated by the ADA or the Rehabilitation Act to provide Plaintiff the accommodations he seeks.

Although the federal law cited by Plaintiff is inapplicable here, the Judicial Conference of the United States has adopted policies for providing reasonable accommodations to persons with communication disabilities. The Guide to Judiciary Policy ("the Guide") provides as follows:

> Under Judicial Conference policy, a court must provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities . . . .

*Guide to Judiciary Policy*, Vol. 5, Ch 2, § 255. "Auxiliary aids and services" are defined as "[e]ffective methods of making aurally delivered materials available to individuals with hearing impairments, including qualified interpreters and assistive listening devices or systems." *See Guide*, Vol. 5, Ch 1, § 140.

Here, Plaintiff is not seeking "sign language interpreters" or other "auxiliary aids and services" as defined by the Guide. Accordingly, the Guide does not require the Court to provide

2

the requested accommodations. *See Mapes*, 2021 WL 5404626, at *6 ("Accommodations for communication impairments do not include court-funded legal representation to press or otherwise 'interpret' Plaintiffs' legal claims.").

Furthermore, apart from the lack of statutory authority or even judicial policy to support his requests, Plaintiff has failed to demonstrate a need for the requested accommodations. Plaintiff has prosecuted this action since May 22, 2024. Among other things, Plaintiff filed a Complaint [1] and an Amended Complaint [23], registered for electronic receipt of court filings, served Defendant, and filed a Response [16] to Defendant's Motion to Dismiss [7]. Plaintiff has been able to effectively communicate with the Court and articulate his arguments. The record does not reflect a need for any specific accommodation. *See Ricks v. DMA Companies*, 2024 WL 4810378, at *6 (W.D. Tex. Sept. 19, 2024).

With that said, the Court is aware that Plaintiff is proceeding *pro se*, and Plaintiff should note that if he is unable to understand any specific order or communication from the Court, he may seek clarification. And, as with any litigant, if Plaintiff desires relief from this Court, such as an extension of time to comply with an order or respond to a motion, he may file a motion requesting such relief.[1]

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reasonable Accommodation [26] is DENIED.

SO ORDERED this the 14th day of March, 2025.

s/Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff should also note that he may hire, or otherwise seek the advice of, an attorney.